**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDY GABRIEL SANCHEZ-MENDOZA,<br><br>Defendant. | Case No. 18-mj-2224 BGS DMS<br><br>**ORDER AFFIRMING JUDGMENT OF CONVICTION** |

This matter comes before the Court on Defendant Andy Gabriel Sanchez-Mendoza's appeal of the judgment of conviction entered by Magistrate Judge Robert N. Block following his guilty plea to a misdemeanor offense of eluding examination and inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2). Defendant seeks to set aside his plea based on alleged violations of Federal Rule of Criminal Procedure 11. For the following reasons, the judgment is affirmed.

**I.**

**BACKGROUND**

On May 7, 2018, a Complaint was filed charging Defendant with eluding examination and inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2). On the same day, Defendant, along with other defendants, appeared before Magistrate Judge Bernard G. Skomal for an initial appearance. Judge Skomal

– 1 – <span>18-mj-2224 BGS DMS</span>

set a status hearing to occur on May 21, 2018, before Magistrate Judge Robert N. Block for individuals charged with a misdemeanor § 1325 violation, including Defendant. On May 9, 2018, a "notice of change of hearing" was issued, wherein the status hearing was changed to a change of plea hearing.

At the change of plea hearing on May 21, 2018, Defendant and other similarly charged defendants appeared before Judge Block. Defendant pleaded guilty to the charge without a plea agreement. Before accepting the guilty plea, Judge Block advised Defendant of the elements of the charged offense and the factual basis for the plea. Judge Block imposed a time served sentence with no fines or special assessment and advised Defendant of his right to appeal the sentence. On June 4, 2018, Defendant filed a notice of appeal.

## II.
## LEGAL STANDARD

This appeal centers on Federal Rule of Criminal Procedure 11, which governs the process for entering pleas and sets forth requirements for a court's acceptance of a guilty plea. "Generally, 'where, as here, the defendant failed to raise the Rule 11 violation before the trial court,'" the court "review[s] the alleged error under the plain-error standard." *See United States v. Myers*, 804 F.3d 1246, 1256 (9th Cir. 2015); *see also United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) ("Because [defendant] did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error.") (citations omitted). While the Ninth Circuit has recognized certain exceptions to this general rule, such as "when a timely objection 'was either unlikely or futile[,]'" *Myers*, 804 F.3d at 1256 (quoting *United States v. Kyle*, 734 F.3d 956, 962 (9th Cir. 2013)), or "'where the appeal presents a pure question of law[,]'" *United States v. Yijun Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016) (quoting *United States v. Gonzalez–Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011)), none of these exceptions applies here. Accordingly, the Court reviews Defendant's unpreserved Rule 11 claims for plain

error. *See Yijun Zhou*, 838 F.3d at 1012 (applying plain error to unpreserved Rule 11(b) claim involving mixed question of law and fact); *United States v. Myers*, 804 F.3d 1246, 1250 (9th Cir. 2015) (reviewing an unpreserved Rule 11(c) claim for plain error).

"Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Chavez-Cuevas*, 862 F.3d 729, 733–34 (9th Cir. 2017) (citing *Gonzalez–Aparicio*, 663 F.3d at 428). Plain error "'is error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection.'" *Gonzalez-Aparicio*, 663 F.3d at 428 (quoting *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997)). Where, as here, a defendant "seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, [he] must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

## III.
## DISCUSSION

Defendant requests the Court to vacate his guilty plea on grounds that the Magistrate Judges violated Rule 11(b) and (c). Specifically, Defendant argues Judge Block violated Rule 11(b) by: (1) failing to determine whether there was a sufficient factual basis for the plea, (2) failing to properly inform Defendant about the nature of the charged offense, (3) inaccurately informing Defendant that his removal was a virtual certainty, (4) misstating whether he had a right to appeal his conviction, and (5) failing to lay out the sentencing process. Moreover, Defendant contends Judge Skomal violated Rule 11(c) by participating in plea negotiations.

/ / /

/ / /

## A. Rule 11(b) violations

### 1. Rule 11(b)(3)

Defendant initially argues Judge Block violated Rule 11(b)(3) by accepting his guilty plea even though the underlying factual basis was inadequate. Defendant contends a violation of § 1352(a)(2) can only occur at a designated place, *i.e.*, a port of entry, and by intentionally eluding examination, but the factual basis of his plea only established that he entered at a non-designated place and knowingly eluded examination. Before entering judgment on a plea, a court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "To satisfy this requirement, '[t]he judge must determine that the conduct which the defendant admits constitutes the offense charged … to which the defendant has pleaded guilty.'" *United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)) (internal quotation marks omitted).

Under 8 U.S.C. § 1325(a), an alien who "(1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact" is guilty of a misdemeanor. The plain language of § 1325(a)(2) does not limit the conduct of eluding examination or inspection to a port of entry. A defendant eludes inspection when he gains entry into the United States "through an unlawful point" and does not submit to examination at the time of the entry. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193–94 (9th Cir. 1979) (stating defendant entered illegally under § 1325(a)(2) when "he did not enter at an officially designated border checkpoint, he never presented himself for the medical examination and inspection required of all entering aliens."). Indeed, courts in this District have held "[t]here is no requirement in § 1325(a)(2) that the act of eluding examination or inspection by an immigration

officer take place at a designated port of entry." *United States v. Flores-Ramos*, No. 18MJ2665 WQH, 2018 WL 3833488, at *3 (S.D. Cal. Aug. 13, 2018); *see United States v. Perez-Martinez*, No. 18MJ02495RNBBAS1, 2018 WL 3816907, at *2–3 (S.D. Cal. Aug. 8, 2018) ("The Court rejects defense counsel's premise that a violation of subsection (a)(2) of § 1325 requires entry at a port of entry."). The Court finds the reasoning of these courts persuasive.

Moreover, contrary to Defendant's argument, although § 1325(a)(3) requires that a defendant willfully make a false or misleading representation or willfully conceal a material fact, § 1325(a)(2) has no similar intent requirement. *Perez-Martinez*, 2018 WL 3816907, at *3. Nor has the Ninth Circuit read such a requirement into the statute's text. *See Rincon-Jimenez*, 595 F.2d 1193–94. As the Ninth Circuit put it, "the offense described" by subsection (a)(2) "is consummated at the time an alien gains entry though an unlawful point and does not submit to . . . examinations" required by law. *Id*.

Here, Defendant has admitted he was not a citizen of the United States and "[o]n or about May 6th, 2018, … [D]efendant … did knowingly elude examination and inspection by entering the United States from Mexico … approximately four miles west of the San Ysidro, California, Port of Entry and 250 yards north of the United States/Mexico international boundary." (ECF No. 22 at 22.) That is a sufficient factual basis. Judge Block did not violate Rule 11(b)(3) by accepting Defendant's plea.

**2.      Rule 11(b)(1)(G)**

Next, Defendant argues Judge Block violated Rule 11(b)(1)(G) by failing to properly inform Defendant about the nature of the charged offense because he "confusingly combined the elements of § 1325(a)(1), (a)(2), and (a)(3) into a single offense[.]" (Opening Br. at 16.) Moreover, Defendant claims Judge Block failed to ensure Defendant understood the elements, which concerned technical legal concepts requiring greater explanation. Pursuant to Rule 11(b)(1)(G), during a plea

colloquy, "the court must inform the defendant of, and determine that the defendant understands ... the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). "In order to comply with [Rule] 11(b)(1)(G), the district court must advise the defendant of the elements of the charge and must ensure that the defendant understands them." *United States v. Mamea*, 101 F. App'x 232, 233 (9th Cir. 2004) (citing *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir. 2002)).

The record indicates Judge Block informed Defendant he was charged as follows: "On or about May 6th, 2018, within the Southern District of California, Defendant Andy Gabriel Sanchez-Mendoza, an alien, did knowingly elude examination and inspection by immigration officers, a misdemeanor, in violation of Title 8 United States Code Section 1325(a)(2)." (ECF No. 22 at 22.) Judge Block also recited the elements of the offense as follows:

> [F]irst, defendant was at the time of the offense an alien. That is a person who is not a natural borne or naturalized citizen or a national of the United States. And, second, defendant knowingly and voluntarily entered or attempted to enter the United States at a time and place other than as designated by immigration officers of the United States; intentionally eluded examination or inspection by immigration officers of the United States, or attempted to enter or obtain entry to the United States by a willfully false or misleading representation of the willful concealment of a material fact.

(ECF No. 22 at 21.) Judge Block's explanation of the charge and its elements was sufficient to convey the nature of the charge. Defendant understood he was pleading guilty to eluding examination and inspection in violation of § 1325(a)(2). Defendant affirmed he understood the requisite elements and admitted the factual basis for the plea. Judge Block therefore did not violate Rule 11(b)(1)(G). *See Perez-Martinez*, 2018 WL 3816907, at *3 (rejecting the defendant's argument that a magistrate judge's recitation of elements for all three subsections of § 1325 when he was only pleading guilty to one subsection was confusing). In any event, Defendant has failed to establish a reasonable probability that, but for the error, he would not have entered

the plea.

### 3. Rule 11(b)(1)(M)

Next, Defendant contends Judge Block did not inform Defendant regarding his obligation to consider the sentencing factors under 18 U.S.C. § 3553(a) in determining the sentence in violation of Rule 11(b)(1)(M). Rule 11(b)(1)(M) provides, in determining a sentence, a court must inform a defendant of its "obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)[.]" Judge Block imposed a time served sentence, which Defendant requested. Although Defendant was not expressly given this admonishment, he fails to show how this omission affected his substantial rights.

### 4. Rule 11(b)(1)(N)

Defendant argues Judge Block misstated that Defendant could only appeal his sentence and not his conviction even though there was no appellate waiver. Therefore, Defendant contends Judge Block "needlessly discouraged [him] from appealing his conviction, and violated Rule 11(b)(1)(N) in doing so." (Opening Br. at 18.) Assuming a violation of Rule 11(b)(1)(N), Defendant has failed to show the error affected his substantial rights such that he would have declined to enter the plea but for the error.

### 5. Rule 11(b)(1)(O)

Lastly, Defendant argues Judge Block failed to comply with Rule 11(b)(1)(O) by informing Defendant that his removal was a virtual certainty, rather than a possibility. Rule 11(b)(1)(O) requires a court to inform a defendant "that, if convicted, a defendant who is not a United States citizen may be removed from the United States." This argument lacks merit because a literal recitation of Rule 11 is unnecessary, and Judge Block admonishment of the deportation consequences of Defendant's plea was sufficient. *See United States v. Youpee*, 419 F.2d 1340, 1344 (9th Cir. 1969) ("Questions need not be framed in the exact language of [Rule 11]

so long as the judge uses rational means to determine the defendant's understanding of the charges against him and the consequences of his plea.); *United States v. Rojas–Vivar*, 424 F. App'x 665, 667 (9th Cir. 2011) (deviations from exact language of Rule 11 was not plain error where court in essence explained to defendant his rights). Even if Judge Block's remarks amounted to a violation of Rule 11(b)(1)(O), Defendant has not shown that, but for the error, he would have not pleaded guilty.

**B.     Rule 11(b) violation**

Defendant contends Judge Skomal improperly encouraged him to plead guilty on two occasions in violation of Rule 11(c). Rule 11(c) precludes a court from participating in plea discussions. *See* Fed. R. Crim. P. 11(c)(1). It is primarily aimed at eliminating judicial pressure in plea discussions. *See United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013); *United States v. Bruce*, 976 F.2d 552, 556 (9th Cir.1992). First, Defendant contends Judge Skomal "shoved [Defendant] in the direction of pleading guilty," (Opening Brief at 26), by stating "I believe there will be a meeting … of the minds as to – I don't want to commit to this – some sort of fast tracking to move them earlier for those that want to plead and take advantage of the lenient recommendation." (ECF No. 13 at 4–5.) Judge Skomal's statements, however, were made to all defendants at the hearing who were charged with a violation of § 1325 in the context of scheduling a status hearing for these individuals. (ECF No. 13 at 4.) There was no bargain at issue nor did Judge Skomal offer any.

Next, Defendant contends Judge Skomal "sent a clear message to [Defendant]" that "the magistrate expected him to plead guilty" by changing the status hearing to a change of plea hearing. (Opening Br. at 26.) The scheduled hearing was "[f]or all the [defendants charged with] 1325 misdemeanors," (ECF No. 13 at 4), some of whom wanted to, and in fact did, plead guilty. Moreover, Defendant does not explain whether he was aware of the docket entry changing the title of the hearing. Even if he was aware, Judge Block expressly informed Defendant that he was not treating the hearing as a change of plea hearing, but a

status hearing for Defendant. (*See* ECF No. 22 at 3) (Judge Block stating "since [Defendant] hadn't agreed or requested a change of plea, I'm treating today as a status conference.").

Judge Skomal's remarks and conduct did not amount to a violation of Rule 11(c). In any event, even if the Court were to assume Judge Skomal erred, Defendant has failed to show any impingement of his substantial rights, *i.e.*, that he would not have entered the plea but for the error.

## IV.
## CONCLUSION

For the foregoing reasons, the judgment of conviction is affirmed. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: August 22, 2018

_____
Hon. Dana M. Sabraw
United States District Judge